UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARTIN SCHOENHALS,

                Plaintiff,

-v-

DOWLING COLLEGE CHAPTER, NEW YORK
STATE UNITED TEACHERS, LOCAL 3890;
NEW YORK STATE UNITED TEACHERS,
AFT, AFL-CIO; and DOWLING COLLEGE,

                Defendants.

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF NYSUT'S MOTION TO DISMISS**

15-CV-2044
(Spatt, J.)

---

## MEMORANDUM OF LAW IN SUPPORT OF NYSUT's MOTION TO DISMISS

RICHARD E. CASAGRANDE
Attorney for Defendant NYSUT
52 Broadway, 9th Floor
New York, New York 10004
(212) 533-6300

MITCHELL H. RUBINSTEIN
LORI M. SMITH
Of Counsel

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT..................................................................................................................................3

      THE COURT SHOULD GRANT DEFENDANT NYSUT'S
      MOTION TO DISMISS BECAUSE NYSUT IS NOT A
      PARTY TO THE COLLECTIVE BARGAINING
      AGREEMENT OR THE MEMORANDUM OF AGREEMENT

           A.  Standards for Motion to Dismiss .........................................................................3

           B.  Defendant NYSUT Should be Dismissed As It Owes No
              Duty of Fair Representation to Plaintiff .............................................................4

CONCLUSION...............................................................................................................................8

APPENDIX

      *Sweeny v. Millbrook Central School Dist.*, Index No. 3228/2012 (Dutchess Co.
      November 20, 2012) (n.o.r.), affirmed on other grounds, 130 A.D. 3d 1011 (2d Dep't
      2015)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARTIN SCHOENHALS,

                Plaintiff,

-v-

DOWLING COLLEGE CHAPTER, NEW YORK STATE UNITED TEACHERS, LOCAL 3890; NEW YORK STATE UNITED TEACHERS, AFT-AFL-CIO; and DOWLING COLLEGE,

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF NYSUT'S MOTION TO DISMISS**

15-CV-2044
(Spatt, J.)

---

## **PRELIMINARY STATEMENT**

It is a bedrock principle of federal labor law that international unions or regionally affiliated unions, such as defendant New York State United Teachers ("NYSUT"), cannot be liable for a breach of the duty of fair representation because it is neither the exclusive representative of employees nor a party to the collective bargaining agreement.

Defendant NYSUT is a regionally affiliated organization and it is not a party to the collective bargaining agreement or the Memorandum of Agreement of which plaintiff complains. As such, NYSUT owes no duty of fair representation to the plaintiff and is not a proper party to this action. Accordingly, NYSUT's motion to dismiss should be granted, pursuant to Section 12(b)(6) of the Federal Rules of Civil Procedure.

NYC LEGAL: 177243

1

## STATEMENT OF FACTS

Plaintiff Martin Schoenhals filed this Complaint against his former employer, Dowling College, Dowling College Chapter, New York State United Teachers, Local 3890 ("Local") and NYSUT alleging that the defendants breached their duty of fair representation by negotiating a Memorandum of Agreement which resulted in his layoff. (Complaint ¶¶ 21-48).

The Court is respectfully referred to the Declaration of Mitchell H. Rubinstein for a full recitation of the facts. Defendant Dowling College Chapter, New York State United Teachers, Local 3890 is a local labor union. Defendant NYSUT is a statewide unincorporated association that provides professional services to affiliated local unions.

Paragraph 8 of the Complaint refers to Local's Constitution (Exhibit "1"). The Local bargains with Dowling College (Ex. 1, Article 1, §4), and is an affiliate of NYSUT, as well as the AFL-CIO. (Ex. 1, Article 1, §5); (Complaint ¶10). The Local is governed by an Executive Council. (Ex. 1, Article IV); (Complaint ¶8).

Paragraphs 14 and 21-22 of the Complaint refers to the Collective Bargaining Agreement between Dowling College and the Local ("CBA") (Exhibit "2"). NYSUT is not a party to the CBA.

Paragraphs 22-31 of the Complaint refer to a November 7, 2014 Memorandum of Agreement between Dowling College and the Local (Exhibit "3"). NYSUT is not a party to the Memorandum of Agreement.

## ARGUMENT

## THE COURT SHOULD GRANT DEFENDANT NYSUT'S MOTION TO DISMISS BECAUSE NYSUT IS NOT A PARTY TO THE COLLECTIVE BARGAINING AGREEMENT OR THE MEMORANDUM OF AGREEMENT

A.  **Standards for Motion to Dismiss**

Under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), in order to survive a motion to dismiss a plaintiff must plead enough facts that make a claim plausible on its face. *Fagundos v. Lane*, 2014 WL 1276373 (E.D.N.Y. 2014); *Bryant v. American Federation of Musicians)*, 2015 WL 3644075 (S.D.N.Y. 2015). A conclusory complaint will not withstand a motion to dismiss. *McLeod v. Verizon New York*, 945 F. Supp. 2d 134 (E.D.N.Y. 2014) (Spatt, J.). In deciding a Section 12(b)(6) motion, courts may consider the complaint, documents attached or referenced in the complaint, documents that are in plaintiff's possession or that he knew of when he brought suit, as well as matters of which judicial notice may be taken. *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007);  *Fagundos*, 2014 WL 1276373 (E.D.N.Y. 2014).

Accordingly, courts have considered collective bargaining agreements ("CBA") in deciding Section 12(b)(6) motions. *Id.* Therefore, it is submitted that this court may consider the CBA, the related Memorandum of Agreement and the Local's Constitution, which were specifically referenced in the Complaint, relied upon by plaintiff in drafting the Complaint, and therefore, presumably in plaintiff's possession.

Even assuming the facts as pled are true, for the reasons set forth below, the Complaint must be dismissed.

### B. Defendant NYSUT Should be Dismissed As It Owes No Duty of Fair Representation to Plaintiff

NYSUT is not a party to the CBA. Additionally, NYSUT is not a party to the Memorandum of Agreement under which plaintiff claims he was wrongly terminated. Moreover, both the Complaint and the Local's Constitution clearly refer to the Local as an affiliate of NYSUT. Pursuant to well-established caselaw, NYSUT is not the exclusive collective bargaining representative for the bargaining unit members at issue. Accordingly, it must be dismissed from this action.

The present action against the Local, a private sector labor union, for breach of the duty of fair representation, is brought in federal court under Section 301 of the Labor Management Relations Act. Section 301 confers jurisdiction in the federal courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . without respect to amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). *See, e.g., McLeod v. Verizon New York*, 945 F. Supp. 2d 134 (E.D.N.Y. 2014) (Spatt, J.).

A local union's obligation to represent members fairly is judicially created and implied from the local's statutory authority to act as the exclusive bargaining representative. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *Local 644 v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators*, 563 F. Supp. 1334 (S.D.N.Y. 1983). In duty of fair representation cases, such as this one, reviewing courts are required to provide a wide degree of deference to union actions. *Thomas v. Little Flower for Rehabilitation & Nursing*, 793 F. Supp. 2d 544 (E.D.N.Y. 2011) (Spatt, J.).

Parent unions across the country are routinely dismissed from duty of fair representation suits when they are neither the recognized collective bargaining representative nor a party to the CBA. *Carr v. Local Union 1593, IBEW*, 371 F. Supp. 2d 1097 (D.N.D. 2008); *Borg v. Greyhound, Inc.,* 1984 WL 14332 (N.D.Cal 1984) (collecting cases). *Accord, B. Fernandez & HNO's Inc., Teamsters*, 2012 WL 1828048 (D.P.R. 2012) ("It is a matter of bedrock principle that an international or regional affiliate of a local union may not be liable for the local's unfair labor practices merely by virtue of its affiliation with local.") (citations omitted). Moreover, an international union's assistance or collateral involvement in the grievance procedure does not impose a duty of fair representation upon the parent union. Rather, a parent union can only be held responsible if it assumed or functionally usurped the role of the local union as the exclusive bargaining representative. *Blesedell v. Chilicothe Telephone Co.,* 2013 WL 6096329 (S.D. Ohio 2013). *See also, Tongay v. Kroger Co.,* 860 F.2d 298 (8th Cir. 1988) (dismissing duty of fair representation action against international union); *Ruff v. Bakery, Confectionery, Tobacco Workers,* 2015 WL 586112 (S.D. Ohio 2015) (same).

Courts in this Circuit have also dismissed duty of fair representation claims against parent labor organizations based upon collective bargaining agreements to which only the local was a party. *Sanceverino v. Union Local 445, Teamsters,* 510 F. Supp. 590, 592 (S.D.N.Y. 1981); *Rigby v. Coughlin, III,* 730 F.Supp. 1196, 1198 (N.D.N.Y 1990). In fact, the Second Circuit has expressly recognized that NYSUT affiliated local unions do not collectively bargain on behalf of employees. Instead, NYSUT provides professional services to local union affiliates. *Board of Education of City of New York v.*

*Nyquist*, 590 F.2d 1241, 1244 (2d Cir. 1979) (describing the role of NYSUT as a parent organization).

Similarly, in cases arising under public sector law, NYSUT has routinely been dismissed as a party plaintiff because the labor statute only imposed a duty of fair representation on the exclusive bargaining representative, that being, the local union. *Sweeny v. Millbrook Central School Dist.,* Index No. 3228/2012 (Dutchess Co. November 20, 2012) (n.o.r), *affirmed on other grounds*, 130 A.D.3d 1011 (2d Dep't 2015) ("In addition, New York State United Teachers is not the exclusive bargaining representative of the plaintiff and owes no duty of fair representation to the plaintiff.") (copy annexed); *Matter of Sterner*, 31 PERB ¶4601 (1998) ("As NYSUT is not Sterner's bargaining representative, it has no duty to represent him."); *Matter of Feraci*, 30 PERB ¶4661, n.6 (1997) ("I would also note that NYSUT is not Feraci's bargaining agent and thus owes no duty of fair representation."). *See also, Lanzillo v. N.Y.S. Public Employment Relations Board*, 29 PERB ¶ 7003 (Albany Co., 1996) (n.o.r.) (same with respect to National Education Association, the parent organization of an affiliated local union).

Although the above cases arise under New York's Taylor Law, they are particularly instructive because New York's Taylor Law was modeled after the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq. Rosen v. PERB*, 72 N.Y.2d 42 (1988), and New York law concerning the duty of fair representation is directly traceable to federal law. *Calkins v. PBA,* 21 Misc. 3d 1119 (A) (Ontario Co. 2007), *aff'd.,* 55 A.D. 3d 1328 (4th Dep't 2008), *appeal denied,* 11 N.Y.3d 714 (2009), *citing, Matter of Civil Service Bar Ass'n. v. City of New York,* 64 N.Y.2d 188, 231 (1984)

("[C]ourts in New York have recognized a similar duty of fair representation on the part of public sector unions predicated on their role as exclusive representative.").

There is not a hint of evidence in the Complaint which indicates that NYSUT assumed or functionally usurped the role of the Local. Accordingly, as a regional affiliate, NYSUT owed no duty of fair representation to the plaintiff and is not a properly named defendant in this action. Accordingly, NYSUT's Section 12(b)(6) motion to dismiss should be granted.

## CONCLUSION

Based upon the foregoing facts, arguments and authorities, Defendant NYSUT's Motion to Dismiss should be granted.

Dated: October 19, 2015  
       New York, New York

Respectfully submitted,

RICHARD E. CASAGRANDE  
Attorney for Defendant NYSUT  
52 Broadway, 9th Floor  
New York, New York 10004  
(212) 533-6300

By: _____  
MITCHELL H. RUBINSTEIN  
(1571)  
Of Counsel

MITCHELL H. RUBINSTEIN  
LORI M. SMITH  
Of Counsel

NYC LEGAL: 177243

8

APPENDIX

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
SOPHIA D. SWEENY,

                                                                                 **DECISION & ORDER**

                        Plaintiff,

    -against-                                                  **Index No. 3228/2012**

MILLBROOK CENTRAL SCHOOL DISTRICT, DR.
R. LLOYD JAEGER, DR. LESLIE FORD, MILLBROOK
TEACHERS ASSOCIATION and NEW YORK STATE
UNITED TEACHERS,

                        Defendants.
-----------------------------------------------------------------X

       Defendant Millbrook Central School District, Dr. R. Lloyd Jaeger, and Dr. Leslie Ford move for an order dismissing the plaintiff's amended complaint, pursuant to CPLR §§ 217, 3211(a)(1), 3211(a)(5), 3211(a)(7) and Education Law § 3813 (1) and (2), on the basis that: (1) the plaintiff's causes of action are barred under Education Law § 3813(1) because of the plaintiff's failure to timely serve a notice of claim; (2) the plaintiff's causes of action are barred by the statute of limitations by CPLR § 217 and Education Law § 3813(2); (3) the plaintiff's fraud in the inducement cause of action does not state a claim upon which relief can be granted; and (4) the plaintiff's amended complaint does not state a claim upon which relief can be granted as against the individual defendants.

       Plaintiff Sophia D. Sweeny moves for an order disqualifying the Office of General Counsel Richard E. Casagrande from representing defendants Millbrook Teachers Association and New York State United Teachers.

       Defendants Millbrook Teachers Association and New York State United Teachers cross-move for an order, pursuant to CPLR §§ 217, 3211(a)(5), 3211(a)(8) and 3211(a)(7), dismissing plaintiff's complaint and amended complaint herein on the grounds that plaintiff's claims are barred by the statute of limitations, that plaintiff failed to obtain personal jurisdiction over these defendants, and because the complaint fails to state a cause of action.

       Plaintiff Sophia D. Sweeny moves for an order:

1)     Compelling the defendant Millbrook Teachers Association to produce Jennifer Hunt, former president of Millbrook Teachers Association, to appear for a deposition upon oral examination; and

2)  Should the Court grant item number "1" above, permitting the plaintiff to file and serve supplemental affidavits in opposition to defendants' cross-motion and in reply to defendants' opposition to plaintiff's motion to disqualify.

The following papers were read:

| | |
|---|---|
| Notice of Motion - Affidavit of R. Lloyd Jaeger - Annexed Exhibits | 1-3 |
| Defendants' Memorandum of Law | 4 |
| Plaintiff's Memorandum of Law - Affirmation of Kimberly A. Pelesz, Esq. - Affidavit of Lucy J. Parsons - Reply Memorandum of Law | 5-8 |
| Order to Show Cause - Brief in Support - Annexed Exhibits | 9-11 |
| Notice of Cross-Motion - Affirmation of A. Kathya Stephenson, Esq. - Annexed Exhibits | 12-14 |
| Affidavit of Ann Harrison | 15 |
| Affidavit of Tina L. Greene | 16 |
| Affidavit of Jennifer Leggett - Annexed Exhibits | 17-18 |
| Affidavit of Anne Knapp | 19 |
| Defendant Millbrook Teachers Association and New York State United Teachers' Memorandum of Law | 20 |
| Affirmation of Kimberly A. Pelesz, Esq. - Annexed Exhibits | 21-22 |
| Plaintiff's Memorandum of Law in Reply | 23 |
| Affidavit of Sophia D. Sweeny - Annexed Exhibits | 24-25 |
| Defendants' Reply Memorandum of Law | 26 |
| Order to Show Cause - Affirmation of Kimberly A. Pelesz, Esq. | 27-28 |
| A. Kathya Stephenson, Esq.'s Affirmation in Opposition - Annexed Exhibits | 29-30 |
| Defendants' Memorandum of Law | 31 |
| A. Kathya Stephenson, Esq.'s Affirmation in Opposition - Annexed Exhibits | 32-33 |
| Defendants' Memorandum of Law | 34 |

Upon the foregoing papers it is hereby ORDERED that:

1)  Defendants Millbrook Central School District, Dr. R. Lloyd Jaeger, and Dr. Leslie Ford's motion for dismissal of the plaintiff's amended complaint against them is granted;

-2-

2)  Plaintiff Sophia D. Sweeny's motion for an order disqualifying the Office of General Counsel Richard E. Casagrande, Esq. from representing defendants Millbrook Teachers Association and New York State United Teachers is denied;

3)  Defendant Millbrook Teachers Association and New York State United Teachers' motion for dismissal of the plaintiff's action against them is granted; and

4)  Plaintiff's motion for an order compelling defendant Millbrook Teachers Association to produce Jennifer Hunt and to permit plaintiff to file and serve supplemental affidavits with respect to the defendants' cross-motion and plaintiff's motion for disqualification is denied.

All other requested relief is denied.

The instant action arises out of plaintiff Sophia D. Sweeny's termination from employment as a probationary school teacher in the Millbrook Central School District. While plaintiff characterizes her action against defendants Millbrook Central School District, Dr. R. Lloyd Jaeger and Dr. Leslie Ford as a breach of contract action, it is actually in the nature of an Article 78 proceeding. The plaintiff admits that she was a probationary at-will employee. It is settled law that if "the plaintiff [is] an at-will employee of the defendant whose employment could be terminated at any time during the probationary period ... there can be no action alleging breach of contract." *(Haviland v. Yonkers Public Schools,* 21 AD3d 527, 529, 800 N.Y.S.2d 578, 579-580 (2nd Dept., 2005) (ruling on termination of a probationary teacher).) Further, a review of the ad damnum clause of plaintiff's amended complaint reveals that plaintiff seeks, *inter alia,* an "Order reinstating Sophia Sweeny to her rightful position as a probationary Mathematics Teacher position ..." *(Amended Complaint,* page 14.) Essentially, plaintiff alleges that she was wrongfully terminated as a probationary teacher and should be restored to her probationary teaching position. (See, for e.g., *Kahn v. New York City Dept. Of Educ.,* 18 NY3d 457 (2012); *Matter of McCarry v. Purchase College, State University of New York,* 98 AD3d 671 (2nd Dept., 2012).) It is undisputed that, by letter dated June 7, 2011, Millbrook Central School District informed plaintiff that a Board of Education resolution was unanimously passed terminating plaintiff as a probationary employee as of June 30, 2011. (See, *Exhibit E* annexed to defendant School District's Notice of Motion.) Pursuant to CPLR 217(1), "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the

- 3 -

petitioner." The instant proceeding was not commenced until June 8, 2012 - well after the expiration of the four month statute of limitations. In addition, plaintiff failed to timely file a notice of claim. It is undisputed that plaintiff did not file a notice of claim until on or about January 20, 2012 and did not seek permission to file a late notice of claim prior to the expiration of the statute of limitations period. Accordingly, plaintiff's alleged breach of contract causes of action, enumerated Counts Two through Seven in the amended complaint, against defendants School District, Jaeger and Ford must be dismissed.

In addition, plaintiff's alleged first cause of action for fraudulent inducement against defendants School District, Jaeger, and Ford must be dismissed. It is undisputed that plaintiff was offered and accepted only an at-will employment position as a probationary teacher. It is well settled that the at-will employment doctrine bars a claim of fraudulent inducement where the alleged fraud pertains to plaintiff's acceptance of an offer of at-will employment. (See, *Epifani v. Johnson*, 65 AD3d 224, 230, 882 N.Y.S.2d 234, 240 (2nd Dept., 2009); *Marino v. Oakwood Care Center*, 5 AD3d 740, 741, 774 N.Y.S.2d 562, 563 (2nd Dept., 2004); *Arias v. Women in Need Inc.*, 274 AD2d 353, 354, 712 N.Y.S.2d 103, 103-04 (1st Dept., 2000).)

Further, defendant New York State United Teachers' motion to dismiss must be granted. It is undisputed that defendant New York State United Teachers was not properly served in a timely manner. Service was made upon individuals who were not designated agents authorized to accept service on behalf of New York State United Teachers. (See, *Affirmation of Kimberly A. Pelesz, Esq.*, paragraphs 22-23.) Plaintiff's subsequent service upon allegedly authorized individuals was untimely. Accordingly, defendant New York State United Teachers' motion to dismiss for lack of personal jurisdiction must be granted. In addition, New York State United Teachers is not the exclusive bargaining representative of the plaintiff and owes no duty of fair representation to the plaintiff. (See, *Matter of Feruci*, 30 PERB 4661 (1997); *Matter of Stemer*, 31 PERB 4601 (1998).) Also, even if New York State United Teachers owed a duty of fair representation to the plaintiff, plaintiff's claim against New York State United Teachers as well as Millbrook Teachers Association is barred by the applicable statute of limitations.

Pursuant to CPLR § 217(2)(a), "Any action or proceeding against an employee organization subject to article fourteen of the civil service law or article twenty of the labor law which complains that such employee organization has breached its duty of fair

representation regarding someone to whom such employee organization has a duty shall be commenced within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later." Plaintiff alleges that Millbrook Teachers Association and New York State United Teachers breached its duty to provide fair representation in that they did not timely grieve her October 21, 2010 and October 22, 2010 observations and "APPR violations" which led to her termination on June 30, 2011. Plaintiff suffered actual harm no later than June 30, 2011 when she was terminated and plaintiff knew or should have known of the defendants' alleged breach no later than November, 2010 when the defendants failed to timely grieve the following alleged violations of the collective bargaining agreement within twenty (20) school days: "a) observations that were conducted less than a month apart: October 21 and 22, 2010; b) no annual evaluation given for the 2010-2011 school year; and c) she was not given a teacher improvement plan upon receipt of an unsatisfactory rating on her observation dated October 21, 2010." (*Defendants' Memorandum of Law*, page 4 citing Amended Complaint, paragraphs 43-65.) Further, with respect to the grievance which was filed regarding the termination of plaintiff as a probationary teacher, said grievance was not pursued at the specific request of the plaintiff both orally on October 17, 2011 and in writing on November 2, 2011. The instant action was not commenced until June 8, 2012 - well past the four month statute of limitations. In addition, defendants Millbrook Teachers Association and New York State United Teachers' motion to dismiss for failure to state a cause of action must be granted as the plaintiff has failed to allege in her complaint or amended complaint that each individual member of the Millbrook Teachers Association and New York State United Teachers authorized or ratified the conduct complained of by the plaintiff. (See, *Martin v. Curran*, 303 NY 276 (1951); *Lahendro v. New York State United Teachers Association*, 88 AD3d 1142 (3rd Dept., 2011).) For all of the foregoing reasons, plaintiff's eighth alleged cause of action against defendants Millbrook Teachers Association and New York State United Teachers must be dismissed.

Finally, plaintiff's motions for further discovery and disqualification of defendants' counsel are denied, plaintiff having failed to establish a valid legal basis for the granting of such relief.

So Ordered.

Dated: November **20**, 2012
Poughkeepsie, New York

HON. CHRISTINE A. SPROAT
Supreme Court Justice

To: Kimberly A. Pelesz, Esq.
Law Office of Kimberly A. Pelesz
Attorney for Plaintiff
520 White Plains Road, Suite 500
Tarrytown, NY 10591

Richard E. Casagrande, Esq.
Attorney for Defendants Millbrook Teachers Association and
New York State United Teachers
800 Troy-Schenectady Road
Latham, NY 12110-2455

Rebecca A. Valk, Esq.
Shaw, Perelson, May & Lambert, LLP
Attorneys for Defendants Millbrook Central School District,
Dr. R. Lloyd Jaeger, and Dr. Leslie Ford
21 Van Wagner Road
Poughkeepsie, NY 12603

130 AD3d 1011

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D46066
T/hu

____AD3d____

Argued - May 19, 2015

REINALDO E. RIVERA, J.P.
THOMAS A. DICKERSON
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.

2013-01270
2013-06133

DECISION & ORDER

Sophia D. Sweeny, appellant, v Millbrook Central School District, et al., respondents.

(Index No. 3228/12)

Kimberly A. Pelesz, Peekskill, N.Y., for appellant.

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, N.Y. (Mark C. Rushfield of counsel), for respondents Millbrook Central School District, R. Lloyd Jaeger, and Leslie Ford.

Richard E. Casagrande, Latham, N.Y. (A. Kathya Stephenson of counsel), for respondents Millbrook Teachers Association and New York State United Teachers.

In an action to recover damages for fraudulent inducement, breach of contract, and breach of the duty of fair representation, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 20, 2012, as denied her motion to disqualify the attorneys for the defendants Millbrook Teachers Association and New York State United Teachers from representing those defendants in this action and granted the cross motion of the defendants Millbrook Teachers Association and New York State United Teachers, and the separate cross motion of the defendants Millbrook Central School District, R. Lloyd Jaeger, and Leslie Ford, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them, and (2) from so much of an order of the same court dated April 2,

July 29, 2015                                                                                          Page 1.
SWEENY v MILLBROOK CENTRAL SCHOOL DISTRICT

2013, as denied that branch of her motion which was for leave to renew her prior motion and to renew her opposition to the prior cross motions.

ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff commenced this action after her employment as a probationary teacher for the Millbrook Central School District was terminated. The amended complaint asserted causes of action to recover damages for fraudulent inducement and breach of contract against Millbrook Central School District, R. Lloyd Jaeger, and Leslie Ford (hereinafter collectively the school district defendants), and a cause of action to recover damages for breach of the duty of fair representation against the Millbrook Teachers Association and New York State United Teachers (hereinafter together the union defendants).

The Supreme Court properly granted the school district defendants' cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. A teacher's employment may be terminated during his or her probationary period for any reason, or no reason at all, unless the teacher establishes that his or her employment was terminated for a constitutionally impermissible purpose or in violation of a statutory proscription (*see* Education Law §§ 2573[1][a], 3014[1]; *Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist.*, 90 NY2d 110, 114; *Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520, 525; *James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown*, 37 NY2d 891, 892). Here, the amended complaint failed to allege that the plaintiff's employment was terminated for a constitutionally impermissible purpose or in violation of a statutory proscription. Thus, the plaintiff was an at-will employee whose employment could be terminated at any time during the probationary period, for which there can be no action alleging breach of contract (*see Havilland v Yonkers Pub. Schools*, 21 AD3d 527, 529). In addition, the allegations in the amended complaint failed to establish that the plaintiff reasonably relied upon the school district defendants' alleged misrepresentations, which is an element necessary to the recovery of damages under a theory of fraudulent inducement (*see Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 831). Accordingly, the amended complaint failed to state a cause of action against the school district defendants (*see* CPLR 3211[a][7]).

The Supreme Court also properly granted the union defendants' cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. Because the union defendants were unincorporated associations, and because the amended complaint failed to allege that the conduct complained of on the part of the union defendants was authorized or ratified by every one of their respective members, the amended complaint failed to state a cause of action against the union defendants (*see* CPLR 3211[a][7]; *Palladino v CNY Centro, Inc.*, 23 NY3d 140, 146-150; *Martin v Curran*, 303 NY 276, 279-280).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' separate cross motions pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. The new evidence submitted by the plaintiff would not have changed the prior determination (*see* CPLR

2221[e][2]).

The parties' remaining contentions are without merit or need not be reached in light of our determination.

RIVERA, J.P., DICKERSON, MILLER and DUFFY, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court