

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

January 26, 2018

Via ECF

Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

      Re:    Schoenhals v. Dowling College Chapter, N.Y. State United Teachers, Local #3890, *et al.*
                 15 Civ. 2044 (ADS)(ARL)
                 Motion to Reopen Case

Dear Judge Spatt:

      The Bankruptcy Court has lifted the stay on this matter. The Order is annexed. We request that it be restored to the active docket.

      The Bankruptcy Court lifted the stay because Dowling College has insurance coverage. It does not appear that counsel of record was retained by the insurance company, Chubb. We suggest that a conference be scheduled—perhaps by telephone—and that Dowling be directed to have appropriate counsel present.

                                          Respectfully submitted,

                                                         /s/

                                                 Arthur Z. Schwartz

Attachment

cc:     All Counsel (via ECF)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                  :     Chapter 11
                                                        :
DOWLING COLLEGE,                                        :
f/d/b/a/ DOWLING INSTITUTE,                             :     Case No. 16-75545 (REG)
f/d/b/a/ DOWLING COLLEGE ALUMNI                         :
ASSOCIATION,                                            :
f/d/b/a CECOM,                                          :
a/k/a/ DOWLING COLLEGE, INC.,                           :
                                                        :
                                      Debtor.           :
------------------------------------------------------------ x

## ORDER GRANTING REQUEST TO MODIFY AUTOMATIC STAY AND LIMIT RECOVERY TO PROCEEDS OF AVAILABLE INSURANCE

Upon the motion (the "Motion") of Creditor Martin Schoenhals for entry of an order (this "Order") vacating the automatic stay pursuant to sections 11 U.S.C. § 362(d)(1), and notice of the Motion having been given as set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 105(a); and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and based upon the response filed by Dowling College ("Debtor's Response") to the Motion; and a hearing having been held on Monday, December 18, 2017, to consider the relief requested in the Motion and the Debtor's Response; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is granted to the extent set forth herein.

2.  Effective as of the date of this Order, the automatic stay imposed in the above-captioned chapter 11 case is hereby modified for the sole purpose of allowing Movant's Federal and State age discrimination and breach of contract claims (the "Action") to proceed to judgment

or settlement in the U.S. District Court for the Eastern District of New York (or such other appropriate forum other than this Court); provided, however, that (a) any recovery by the Movant in the Action against the Debtor, or any entity or person that may have an indemnification claim against the Debtor, shall be limited solely to any available insurance coverage of the Debtor; (b) Movant waives and release any and all claims solely as against Debtor's bankruptcy estate; provided however this shall in no way be deemed or construed as a waiver and/or release of the Movant's rights to pursue and recover damages awarded in connection with the Action from any applicable insurance policies maintained by the Debtor; (c) except to the extent that legal fees are awarded pursuant to the ADEA with such fees being limited to the available insurance coverage, each party shall bear its own legal fees and defense costs and other related fees and expenses in connection with any such litigation; and (d) the Debtor shall not be required to participate in the pending Action by virtue of the relief granted in this Order.

3. Except as otherwise set forth herein, the provisions of section 362 of the Bankruptcy Code, including without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtor shall remain in full force and effect, and neither the Movant, nor his agents, attorneys or representatives shall take any action to execute, enforce or collect on any such judgment against the Debtor or its estate. Notwithstanding the foregoing, the provision of this paragraph shall in no way be deemed or construed to prevent the Movant from seeking execution, enforcement, or collection of any judgment that may be obtained against the Debtor from the carrier(s) providing insurance coverage to the Debtor.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: Central Islip, New York
January 23, 2018

Robert E. Grossman
United States Bankruptcy Judge

3