# EXHIBIT 6



AIG Property Casualty
Financial Lines Claims
175 Water Street
New York, NY 10038
www.aig.com

Dustin Konigsberg, Esq.
Claims Analyst
Employment Practices

T 212 458 2120
F 212-973-7155
Dustin.Konigsberg@aig.com

Correspondence Address:
AIG Property Casualty
Financial Lines Claims
P.O. Box 25947
Shawnee Mission, KS 66225

eMail new notices to
c-Claim@aig.com

Fax new notices to
866 227 1750

June 5, 2015

**Via Electronic Mail**
stoloffa@dowling.edu

Anna Stoloff
Dowling College
150 Idle Hour Blvd.
Oakdale, NY 11769

| | |
|---|---|
| **Case Caption:** | **Martin Schoenhals v. Dowling College Chapter, New York State United Teaches, Local #3890; New York State United Teachers, AFT, AFL-CIO; and Dowling College** |
| **Claimant:** | **Martin Schoenhals** |
| **Insured:** | **Dowling College** |
| **Claim No.:** | **3656449982US** |
| **Policy #:** | **01-590-90-18** |

Dear Ms. Stoloff:

AIG Claims, Inc. is the claims administrator handling claims arising under Policy No. 01-590-90-18 issued to Dowling College ("Dowling" or "Insured") by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). Please be advised that I am the analyst handling this matter and all future correspondence should be directed to my attention. The purpose of this coverage letter is to advise you of our position with respect to coverage for this matter. Our coverage position is explained below.

We would like you to know that we appreciate Dowling as a customer and we appreciate your business; however, we must inform you that there is no coverage under the policy captioned above for the claim presented as more fully discussed below. After you have reviewed the letter, if there is additional information you would like me to consider, please forward such information to me. Also, if you have any questions about the letter, please contact me.

In considering your request for coverage, we have reviewed the insurance policy referenced above, as well as the allegations asserted. No other policies were considered. If Dowling asserts a right to coverage under another policy issued by any other member company of American International Group, please submit notice pursuant to the notice provisions contained in that policy.



**The Claim**
Based on the information we have received to date, the following sets forth a summary of the allegations. We stress that our analysis does not imply any validity to the underlying allegations.

On April 15, 2015, Martin Schoenhals ("Claimant") commenced an action (the "Complaint") in the United States District Court for the Eastern District of New York against Dowling College Chapter, New York State United Teaches, Local #3890 (the "Local Union"); New York State United Teachers, AFT, AFL-CIO (the "Union"); and Dowling. In September 1993, Claimant was hired as a full-time, tenure-track Assistant Professor of Anthropology and Chair of the Anthropology Department. In 2006, Claimant became a full professor. In June 2012, Claimant filed an unfair labor practice charge (the "labor charge") against the Local Union, alleging breach of the duty of fair representation based on its pressuring faculty to agree to Dowling's demands during a negotiation surrounding the reopening of the collective-bargaining agreement (the "CBA"). The labor charge was dismissed. Claimant also filed a complaint with the New York State Attorney's General Office Charities Bureau regarding financial mismanagement at Dowling and breach of fiduciary duty by the Board of Trustees (the "OAG Complaint"). As part of the renegotiated CBA, Dowling was to cut costs by a reduction in force. Professors were given the option of early retirement or face potential termination. Claimant was terminated effective January 2, 2015. In January 2015, the Union declined to proceed with a grievance concerning Claimant's termination.

The Complaint contains the following causes of action: (I) Breach of Duty of Fair Representation against the Local Union; (II) Breach of Duty of Fair Representation against the Union; and (III) Breach of the CBA against Dowling. Claimant seeks damages against Dowling, including: back pay, front pay, benefits, and attorneys' fees and costs.

**The Policy**
National Union issued a Not-For-Profit Risk Protector Policy, Policy No. 01-590-90-18, effective October 1, 2014 to October 1, 2015 (the "Policy"). The Policy has an aggregate limit of liability of Sixteen Million Dollars ($16,000,000) and a shared limited of liability of Fifteen Million Dollars ($15,000,000) for Employment Practices Liability ("EPL") Coverage. This claim is subject to a self-insured retention of Seventy Five Thousand Dollars ($75,000) for Loss arising from EPL Claims alleging the same Wrongful Act or related Wrongful Acts. This Policy requires that any applicable self-insured retention or deductible and/or applicable primary and/or underlying insurance be exhausted before any defense and/or indemnity obligation exists. Relevant Policy provisions are referenced below; please refer to the Policy for its complete terms and conditions.



**Coverage Evaluation**

National Union directs your attention to the Insuring Agreement, Clause 1, of the EPL Coverage Section of the Policy, which provides, in pertinent part:

> This policy shall pay the Loss of each and every Insured arising from a Claim first made against such Insured during the Policy Period . . . and reported to the Insurer pursuant to the terms of this policy for any Wrongful Act.

National Union further directs your attention to the definition of Claim, pursuant to Clause 2(a) of the EPL Coverage Section of the Policy, as amended by Endorsement #8, which is followed by:

> However, in no event shall the term "Claim" include any labor or grievance proceeding which is subject to a collective bargaining agreement.

Here, Dowling is an Insured as it is the Named Organization in Declaration #1 of the Policy. Neither the Local Union nor Union is an Insured under the EPL Coverage Section of the Policy. The only Cause of Action alleged against Dowling is a breach of the CBA, which does not meet the definition of a Claim. Thus, as no Claim has been made against any Insured, the Insuring Agreement has not been triggered and there is no coverage for this matter under the EPL Coverage Section of the Policy.

National Union's preliminary coverage position is based on the information presently available to us. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the policy, or any other policies of insurance issued by National Union or any of its affiliates. National Union expressly reserves all of its rights under the Policy, at law or in equity, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted.

Should Dowling have any additional information that you feel would either cause us to review our position or would assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if Dowling is served with any additional demands or amended complaints or pleadings, please forward them to us immediately, so that we can review our coverage position.

If Dowling has any other insurance policies which may respond to this claim asserted, you should report this matter to the issuing carrier(s) immediately.

In closing, allow me to reiterate that we value Dowling as a customer and encourage you to contact us should you have any questions or concerns regarding the contents of this letter. Thank you for your cooperation in this matter.



Very truly yours,

Dustin Konigsberg, Esq.
Claims Analyst
Employment Practices Liability
AIG

cc:   dbila@arcxs.com
   MCavallaro@arcxs.com
   olanghaus@sterlingrisk.com