FILED
CLERK
2:16 pm, Feb 19, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARTIN SCHOENHALS,

                        Plaintiff,            MEMORANDUM OF
                                              DECISION & ORDER
            -against-                         2:15-cv-2044 (ADS) (ARL)

DOWLING COLLEGE CHAPTER, NEW
YORK STATE UNITED TEACHERS, LOCAL
#3890, NEW YORK STATE UNITED
TEACHERS, AFT, AFL-CIO and DOWLING
COLLEGE,

                        Defendants.
---------------------------------------------------------X
```

**APPEARANCES:**

**Advocates for Justice, Chartered Attorneys**
*Attorneys for the Plaintiff*
225 Broadway, Suite 1902
New York, NY 10007
      By:    Arthur Z. Schwarz, Esq.,
             Laine Alida Armstrong, Esq., Of Counsel.

**Law Office of Rachel J. Minter**
*Attorney for the Plaintiff*
345 Seventh Avenue, 21st Fl.
New York, NY 10001

**Ingerman Smith, L.L.P.**
*Attorneys for Defendant Dowling College*
167 Main Street
Northport, NY 11768
      By:    Christopher J. Clayton, Esq.,
             David Ferdinand Kwee, Esq., Of Counsel.

**SPATT, District Judge**:

# I. BACKGROUND

Plaintiff Martin Schoenhals (the "Plaintiff") a former professor at Dowling College ("Dowling"), sued Dowling; Dowling's Chapter of the New York State United Teachers Union

1

(the "Union"); and the New York State United Teachers Union ("NYSUT"), under § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. All of the Defendants other than Dowling have been dismissed from the action. Dowling now moves under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(c) for a judgment on the pleadings.

While this opinion references the other Defendants in the action, the opinion primarily recounts the action as it pertains to Dowling. For the following reasons, the Court grants Dowling's motion and dismisses the case.

### A. Underlying Dispute and the Plaintiff's Employment History

The Plaintiff alleged that he was hired by Dowling in 1993 as a full-time, tenure-track assistant professor and chair of Dowling's Anthropology Department, later achieving tenure and becoming a full professor. ECF 1 at 2. The Plaintiff also alleged that Dowling had experienced financial turmoil during his time at the college, much of it because of improper conduct by Dowling's Board of Trustees. *Id.* at 3–4. In addition, the Plaintiff alleged that between 2012 and 2014, Dowling's administration and the Union entered into multiple collective bargaining agreements ("CBAs"), replacing them with Memoranda of Agreement ("MOAs") that drastically reduced faculty benefits and pay.

The second MOA was, according to the Plaintiff, "a wholesale abrogation of union rights and protections," and it included an Early Retirement Incentive Program ("ERIP") that provided financial benefits to faculty members who submitted a resignation letter by November 17, 2014. *Id.* at 8. However, Dowling informed the Union that it would announce which faculty members would be terminated on November 18, 2014, meaning that "members who elect the ERIP must gamble[—]not knowing if they are to be terminated, but losing the opportunity for the ERIP if not elected by the cut-off date." *Id.* The MOA further provided that individuals who learned of

2

their termination could, by November 21, 2014, elect an ERIP with much less favorable financial terms ("ERIP II").

The second MOA contained an appendix that provided a methodology for determining layoffs. *Id.* at 8–9. That methodology included an analysis of "enrollment trends by department, utilizing a formula of students enrolled against number of faculty, number of students majoring and minoring in this subject and number of classes and class size." *Id.* at 9. Based on this appendix, the Plaintiff believed he would not be laid off because the anthropology department had strong enrollment and one of the highest number of majors per full-time faculty at Dowling. *Id.* Accordingly, the Plaintiff did not elect an ERIP by November 17. *Id.*

The Plaintiff alleges that on November 19, 2014, Dowling's administration scheduled an appointment with him for the following day. *Id.* at 9–10. At the meeting, the Plaintiff claimed that his metrics from the appendix should have saved him from termination. *Id.* Dowling's administration agreed to "stop the clock" and "recheck their calculations." *Id.* (internal quotation marks omitted). Thinking that he had prevented his termination, the Plaintiff let the following day, November 21, pass without electing ERIP II. *Id.* at 10–11. On December 5, 2014, the Plaintiff received a letter dated November 21, 2014, stating that he had been terminated. *Id.* at 11.

## B. The Plaintiff's Complaint and Procedural History

The Plaintiff brought this action in April 2015 and raised three claims: (1) for breach of the duty of fair representation, against the Union; (2) for breach of the duty of fair representation, against NYSUT; and (3) breach of the CBA, against Dowling. *Id.* at 11–14. Regarding the CBA claim, the Plaintiff asserted that Dowling failed to properly apply its own metrics in deciding to terminate the Plaintiff, "while retaining junior, less-accomplished faculty with less service at

Dowling and lower metrics, in departments with declining enrollments and fewer majors than Anthropology." *Id.* at 13. The Plaintiff further claimed that his termination caused him the loss of back pay; front pay; and benefits that he would have received if he had either remained at Dowling or selected the initial ERIP. *Id.* at 14. The Plaintiff asked for $450,000 in damages, or, in the alternative, the amount the Plaintiff would have received had he elected the initial ERIP; interest; attorneys' fees; and costs. *Id.*

The Defendants Union and NYSUT moved to dismiss the complaint in October 2015 for failure to state a claim. ECF 18. In February 2016, the plaintiff moved to amend the complaint. With regard to Dowling, the Plaintiff sought to file three new claims: (1) a New York breach of contract claim; (2) an age discrimination claim pursuant to the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621, *et seq.*; and (3) an age discrimination claim under the New York State Human Rights Law (the "NYSHRL"). ECF 27. While both motions were pending, the Plaintiff informed the Court that the parities intended to resolve the case through private mediation. ECF 4/7/16 entry. The Court thus stayed proceedings pending the outcome of the mediation and administratively terminated the pending motions, without prejudice. *Id.*

In August 2016, the Plaintiff and the Defendants Union and NYSUT reached a settlement and then filed a stipulation of dismissal. ECF 42, 43. The Court then granted the Plaintiff's request to reinstate the motion for leave to amend the complaint, and the parties briefed that motion. ECF 9/23/16 entry. However, before the Court ruled on the motion, it stayed the case pending the outcome of Dowling's Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York. ECF 54.

In January 2018, the Plaintiff informed the Court that the Bankruptcy Court had lifted the stay because Dowling had insurance coverage. ECF 55 at 1. The Plaintiff attached a copy of the Bankruptcy Court's order, which lifted the stay "for the sole purpose of allowing [the Plaintiff's] Federal and State age discrimination and breach of contract claims (the 'Action') to proceed to judgment or settlement." *Id.* at 3–4. That order also provided as follows:

> (a) any recovery by the Movant in the Action against the Debtor, or any entity or person that may have an indemnification claim against the Debtor, shall be limited solely to any available insurance coverage of the Debtor; (b) Movant waives and release[s] any and all claims solely as against the Debtor's bankruptcy estate; provided however this shall in no way be deemed or construed as a waiver and/or release of the Movant's rights to pursue and recover damages awarded in connection with the Action from any applicable insurance policies maintained by the Debtor.

*Id.* at 3. The Court then restored the case to the active docket. ECF 56.

The Court denied the Plaintiff's motion to amend the complaint. ECF 60. The Court ruled that the Plaintiff failed to allege specific provisions of a contract that Dowling had breached. *Id.* at 14–15. It also ruled that the ADEA claim was time-barred, and in any event, was without merit. *Id.* at 7–14. The Court also declined to exercise supplemental jurisdiction over the NYSHRL claim. *Id.* at 16–17.

Dowling now moves under FED. R. CIV. P. 12(c) for a judgment on the pleadings. ECF 61. That motion is presently before the Court.

## II. DISCUSSION

### A. Legal Standard For a Judgment on the Pleadings

Courts apply the same procedure to evaluate motions for judgment on the pleadings under Rule 12(c) as for motions to dismiss under FED. R. CIV. P. 12(b)(6). *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193 (2d Cir. 2015); *Johnson v. Rowley*, 569 F.3d 40,

43 (2d Cir. 2009). In so doing, courts "draw all reasonable inferences in [the non-movant's] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they possibly give rise to an entitlement to relief.'" *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (internal quotation marks omitted)). The non-movant is entitled to relief if she alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleadings of specifics, it does require enough facts to nudge [the non-movant's] claims across the line from conceivable to plausible." (internal quotation marks and citation omitted)).

On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

### B. Application to the Facts of This Case

In its Rule 12(c) motion, Dowling asks that the Court take judicial notice of the Plaintiff's motion to lift the stay in Bankruptcy Court; Dowling's insurer's coverage position in Bankruptcy Court, where the insurer denied coverage for all claims set forth in the original complaint; Dowling's Faculty agreement; both MOAs; the Bankruptcy Court's order lifting the automatic

6

stay; and the order denying the Plaintiff leave to amend its complaint. ECF 63 at 12–15. It submits a copy of the insurer's coverage position, which provides that "in no event shall the term 'Claim' include any labor or grievance proceeding which is subject to a collective bargaining agreement." ECF 62-6 at 4.

As to the merits of the Rule 12(c) motion, Dowling asserts that the Plaintiff has waived all rights to pursue his claims from the original complaint, because the Bankruptcy Court's order lifting the stay confined the Plaintiff's recovery to claims covered by insurance. *Id.* at 16. Here, it argues, the insurance policy in question only offers coverage for employment discrimination claims, and not employment breach of contract claims. *Id.*

The Plaintiff does not oppose the Rule 12(c) motion and he agrees that the breach of the CBA claim is not covered by Dowling's insurer. ECF 64 at 1. Accordingly, the Plaintiff argues, the Court should grant the Rule 12(c) motion. *Id.* However, the Plaintiff asks that the Court issue an order establishing that he has preserved his right to bring an NYSHRL discrimination claim in state court. *Id.* The Plaintiff notes that when the Court denied the Plaintiff's motion to amend, it denied the NYSHRL claim without prejudice. *Id.* The Plaintiff attaches a proposed order granting the Rule 12(c) motion and noting that the NYSHRL claim dismissal was without prejudice. *Id.* at 2. Dowling does not file a reply.

The Court agrees with both parties that a dismissal under Rule 12(c) is appropriate in this case. However, out of an abundance of caution, the Court considers whether Dowling has met the Rule 12(c) standard.

An unopposed Rule 12(c) motion permits the Court to accept Dowling's factual assertions as true. *Scordino v. Comm'r of Soc. Sec.*, No. 17-CV-4620, 2019 WL 1362555, at *4 (E.D.N.Y. Mar. 25, 2019) (Spatt, *J.*) (citing *Wellington v. Astrue*, No. 12-CV-3523, 2013 WL

1944472, at *2 (S.D.N.Y. May 9, 2013)). However, this does not merit the granting of that motion, because "[w]here . . . the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Courts must review unopposed Rule 12(c) motions to determine whether the moving party has met the standard for judgment as a matter of law. *James v. Comm'r of Soc. Sec.*, No. 13-CV-2492, 2014 WL 4793451, at *2 (E.D.N.Y. Sept. 14, 2014) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Here, however, Dowling's Rule 12(c) motion is more than simply unopposed. It is supported by Dowling's adversary, the Plaintiff, who concedes that the Bankruptcy Court's lifting of the automatic stay does not include the CBA claim. In addition, the Court takes judicial notice of the bankruptcy court proceedings to which the parties have specifically referred: the order lifting the automatic stay, and Dowling's insurer's coverage position, as further proof that the Plaintiff waived the right to bring the CBA claim. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss where the court's inquiry is limited to . . . materials appropriate for judicial notice."); *Campos v. Aegis Realty Mgmt. Corp.*, No. 19-Civ-2856, 2020 WL 433356, at *4 (S.D.N.Y. Jan. 28, 2020).

These documents establish that Dowling's insurer does not cover the breach of the CBA claim, and thus, that the Plaintiff has waived the right to bring the claim here. *See* ECF 55 at 3–4 (limiting claims "solely to any available insurance coverage of the Debtor"); ECF 62-6 at 3 (denying coverage for any cause of action pertaining to a CBA). The Court also credits the Plaintiff's concession that the Rule 12(c) motion is meritorious. Accordingly, The Court grants

Dowling's Rule 12(c) motion and dismisses the case. In addition, the Court affirms that it dismissed the Plaintiff's proposed NYSHRL claim without prejudice. *See Reid ex rel. Roz B. v. Freeport Public Sch. Dist.*, 89 F. Supp. 3d 450, 462 (E.D.N.Y. 2015) (Spatt, *J.*); *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 238 (E.D.N.Y. 2015) (Spatt, *J.*).

## III. CONCLUSION

For the foregoing reasons, the Court grants Dowling's Rule 12(c) motion for judgment on the pleadings. It also notes that the Court's previous dismissal of the Plaintiff's proposed NYSHRL claim was without prejudice. The Clerk of the Court is directed to close the case.

It is **SO ORDERED.**

_____/s/ Arthur D. Spatt_____         \_\_\_\_February 19, 2020\_\_\_\_

Arthur D. Spatt, U.S.D.J.                                              Date